LORING *vs.* THE UNITED STATES VULCANIZED GUTTA PER-
CHA BELTING AND PACKING CO. and JOHN O. SARGENT.

Where a corporation formed under the act of February 17, 1848, made an
assignment of all its property in trust for the benefit of creditors, *pro rata*,
such assignment being made in contemplation of insolvency; *Held* that
such assignment was void, notwithstanding it provided for an equal distri-
bution of the assets of the corporation among all its creditors.

THIS action was brought by the plaintiffs as judgment
creditors of the United States Vulcanized Gutta Percha
Belting and Packing Company, a corporation formed under
the act passed on the 17th day of February, in 1848, enti-
tled "An act to authorize the formation of corporations for
manufacturing, mining, mechanical or chemical purposes,"
and the acts amending the same, for the purpose of setting
aside an assignment made by the said company, on the 24th
day of December, 1858, to the defendant Sargent, in trust
for the benefit of its creditors. The assignment recited the
insolvency of the company, and was upon the following trust:

"In trust, nevertheless, and to and for the following uses,
intents and purposes, that is to say—that the said party of
the second part shall take possession of all and singular the
property and estate hereby assigned, and sell and dispose of
the same, and convert the same into cash, and shall also col-
lect all and singular the said debts, dues, bills, bonds, notes,
accounts, claims, demands and choses in action, or so much
thereof as may prove collectible, and by and with the pro-
ceeds of such sales and collection the said party of the second
part, after paying the just and lawful expenses, costs, charges
and commissions of executing and carrying into effect this
assignment, shall pay and discharge all the debts and liabili-
ties of the said party of the first part now existing, whether
due or hereafter to become due, without preference, provided
there shall be sufficient for that purpose. And if said pro-
ceeds shall be insufficient for that purpose, then to pay and
apply the same, *pro rata*, to the payment of said debts and

liabilities, according to their respective amounts. And if there shall be any surplus after payment of all of said debts and liabilities, to return the same to the party of the first part, or its legal representatives."

The court, at special term, held that the assignment was fraudulent and void as against creditors, and ordered a reference to a referee, to appoint a receiver. The defendants appealed.

*E. Sprout,* for the appellant.

*B. Roelker,* for the respondent.

*By the Court,* CLERKE, P. J. Upon the evidence, the justice at special term found, that the defendant was a corporation formed under the act of February 17, 1848; that it had made an assignment of all its property to John O. Sargent, defendant, for the benefit of all its creditors, *pro rata,* as set forth in the complaint; that the assignment was made in contemplation of insolvency; and that judgments were recovered against the corporation, and executions issued thereon, as set forth in the complaint.

We see no reason whatever for disturbing these conclusions, from the evidence. The assignment, then, although made in contemplation of insolvency, is it excluded from the operation of the statute, declaring such assignments void, merely because it provides for an equal distribution of the assets of the corporation among all its creditors? It is contended that the only object of the prohibition is to secure this equal distribution; and if the assignment secures this, it could not have been contemplated by the legislature to be within the purview of the enactment. But this is mere speculation. Even if we were to take for granted that the legislature had no other object in view, yet this would not warrant us in ignoring the express provisions of a prohibitory enactment. It is always safe to assume, if the law

makers intended to make any exceptions, that they would expressly mention or refer to such exceptions. They have done nothing of the kind in the enactment under consideration; and the fact that it requires ingenious reasoning to make such a position not glaringly absurd, convinces me it would be very improper to suppose that the exception contended for in this case was contemplated or intended.

Neither are we to presume that the sole object of the statute was to secure this equal distribution among the creditors. It may have had, and probably had, another object in view. We are warranted in supposing that it was also designed to prevent an insolvent corporation from putting its property into the hands of an assignee chosen by its officers or trustees, instead of having it placed in the custody and under the control of a receiver appointed by the court. The legislature perhaps deemed such a disposition of it as subjected it more directly to judicial supervision more advantageous to the creditors than if it were committed to a person who may not be as disinterested, or as competent, as a receiver appointed by the court after hearing all parties concerned, in relation to the appointment. This would be in conformity with a well known maxim, *"Fortior est custodia legis quam hominis."*

The special term, therefore, was correct in declaring the assignment void. But we think the provision of the decree directing the payment of the plaintiff's judgment out of the assets of the company, is erroneous. It gives that very preference which the statute is so careful to avoid. Other provisions of the revised statutes—those relative to proceedings against corporations in equity—(2 *R. S.* 462, §§ 36, 37,) declare whenever a judgment or decree shall be obtained against any corporation, and an execution issued thereon shall have been returned unsatisfied, the court may sequestrate the property, and may appoint a receiver, and upon a final decree the court shall cause a just and fair distribution of the property to be made among the creditors, who shall

be paid in the same order as in the case of a voluntary dissolution of a corporation. (2 *R. S.* 470, § 79, *marginal.*) Our whole legislation on this subject carefully guards against any preferences, except those mentioned in the section last referred to. The jurisdiction of the court, therefore, in cases of this kind, should not be exercised in conformity with its general inherent equity powers, but in harmony with those provisions, even when the proceedings are not identical with the precise remedy or procedure on which those provisions are based.

That part of the decree requiring the assignee to pay the receiver $1500, is manifestly erroneous. The receiver of the assets of the company, already appointed, is directed to proceed according to the provisions of the revised statutes, in collecting the assets. The defendant Sargent should also account and pay over to the receiver any balance remaining in his hands of the $1300 received by him.

The order to be settled on two days' notice.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Barnard* and *Clerke,* Justices.]